IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JILL CAMPBELL, | § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO: |
| v. | § § | |
| PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, | § § § § | |
| DEFENDANT. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff, JILL CAMPBELL, by and through her attorney of record, Rebecca L. Fisher, and files this Original Complaint pursuant to Federal Rule Of Civil Procedure 15(a), which complains of Defendant, PATRICK R. DONAHOE, Postmaster General, United States Postal Service (USPS), and for cause of action would show unto the Court the following:

## I. JURISDICTION AND VENUE

1.  This action is brought to recover damages and to redress deprivation of rights secured to the Plaintiff under Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et. seq.*.

2.  The jurisdiction of this Court over this controversy is based upon statutory authority granted to this Court pursuant to the Rehabilitation Act of 1973.

3.  Injunctive relief and declaratory relief, damages and other appropriate legal and equitable relief are sought.

4.  Plaintiff has fully complied with all administrative prerequisites to jurisdiction of this

1

Court. Plaintiff received her Right to Sue Notice regarding her disability discrimination and retaliation claims pursuant to the Rehabilitation Act of 1973 on November 4th, 2013 and now files and seeks relief thereunder within ninety (90) days of receipt of aid notice.

5.    Venue is proper in this Court as the Defendant maintains offices throughout this District and Division.

## II. PARTIES

6.  Plaintiff is an individual residing at Benbrook, Tarrant County, Texas and at all times relevant hereto was and is an employee of the United States Postal Service.

7.  Defendant, PATRICK R. DONAHOE, is the Postmaster General of the United States Postal Service, which maintains postal service facilities throughout the Northern District of Texas.

## III. GENERAL ALLEGATIONS

8. Plaintiff is a letter carrier employed at the Granbury Post Office located in Granbury, Texas. She has been employed by the Defendant since July 2000. On April 26th, 2011, the Plaintiff was injured on the job, which resulted in a physical disability.

9.  Plaintiff has undergone two surgeries on her left ankle due to a fracture. The surgeries did not fully resolve her ongoing physical problems with her ankle. Her physical disability limited the Plaintiff in the life activities of standing, walking, squatting, and sleep due to ongoing pain. The Plaintiff was to do no squatting at all. At all times the Defendant was aware of the Plaintiff's medical condition and her limitations.

10.  Plaintiff can perform her job as a letter carrier with reasonable accommodations. She can case her mail with the use of a stool after two hours. Plaintiff can deliver her mail. Plaintiff

2

does require the accommodation of assistance when lifting items of the work room floor when loading or unloading her vehicle so that she does not have to squat. The Defendant's safety regulations require an employee to squat/ bend her knees to pick up items. Plaintiff requested reasonable accommodations to perform her job as a letter carrier.

11. Beginning on or about July 16, 2012, Plaintiff requested reasonable accommodations to perform her job as a letter carrier. As the result of her request, the Plaintiff was subjected to ongoing disability discrimination and a hostile work environment. Plaintiff was ordered to sit in a chair in front of her co-workers doing no duties and was ordered to look at the wall and not to look outside the window. Plaintiff was ordered not to speak to anyone. Plaintiff was required to ask permission before going to the restroom.

12. Plaintiff was then ordered to deliver express mail pieces of mail. Management was aware that at that time Plaintiff was medically restricted from driving postal vehicle (LLV) and therefore, Plaintiff as ordered to use her own vehicle to perform the express mail deliveries and management refused to reimburse the Plaintiff for her mileage.

13. Then on or about August 15, 2012, the Plaintiff returned to delivering the mail with needed reasonable accommodations. From that time forward, Plaintiff was repeatedly ordered to work beyond her medical restrictions. Plaintiff was repeatedly denied assistance for lifting trays of mail off the floor, which required the Plaintiff to squat when her medical restrictions clearly stated no squatting. Plaintiff was yelled at by management on the work room floor when being ordered to work beyond her medical restrictions. Management interfered with Plaintiff seeking medical treatment for her disability, which included seeking counseling for the damage to her person for being subjected to ongoing discrimination and a hostile environment.

3

Furthermore, Plaintiff was given conflicting instructions and then reprimanded by management for failing to follow both instructions.

14. During the week of January 21, 2013, management, Supervisor Rachel Ryan, released Plaintiff's restricted medical information on the workroom floor to her co-workers, who did not have a need to know.

15. Plaintiff cannot continue to work in such a hostile environment and cannot continue to work, as she would desire to do, when repeatedly being ordered and required to work beyond her medical restrictions.

## IV. CAUSE OF ACTION - REHABILITATION ACT OF 1973

## HOSTILE ENVIRONMENT, DISABILITY DISCRIMINATION AND RETALIATION

16. Plaintiff incorporates paragraph 1 through 15, as if fully restated at length. Plaintiff engaged in protected activity when she requested an accommodation for her medical condition and when she opposed the discrimination as well as engaged in filing a complaint of ongoing discrimination. Plaintiff was subjected to harassment, threats, discipline and denied leave and pay she was entitled to receive.

17. Plaintiff suffered irreparable injury and monetary damages as the result of the unlawful discrimination and retaliation by Defendant in violation of the Rehabilitation Act, all of which Plaintiff now seeks remedy for.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court enter judgment:

(a) Declaring that the acts and practices complained of herein are in violation the Rehabilitation Act of 1973, as amended;

4

(b) Enjoining and permanently restraining these and future violations:

(c) Awarding Plaintiff compensatory and equitable damages in accordance the Rehabilitation Act, of 1973, as amended;

(d) Awarding Plaintiff any and all wages, salary, employment benefits. or other compensation denied or lost by the Plaintiff:

(f) Awarding Plaintiff costs of this action:

(g) Awarding Plaintiff reasonable attorneys' fees;

(h) Awarding Plaintiff prejudgment and post judgment interest, at the maximum legal rate:

(i) Awarding Plaintiff expert witness fees and expenses associated with bringing this action;

(j) Granting to Plaintiff such other and further relief, in law and in equity to which she may show herself justly entitled.

Dated this 2nd day of February, 2014.

Respectfully submitted,

/S/REBECCA L. FISHER
Rebecca L. Fisher    SBOT: #00790687
Attorney at Law
1105 Wooded Acres, #300
Waco, TX. 76710
Telephone (254) 840-0220
Facsimile (254) 840-0219

ATTORNEY FOR PLAINTIFF